## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

MAUDE PAUL,

    Plaintiff,

v.

CORTE, INC.
A Florida profit corporation
d/b/a ZUCCARELLI'S ITALIAN RESTAURANT AND BAR

    Defendant.

_____/

### COMPLAINT

COMES NOW Plaintiff, MAUDE PAUL, [herein referred to as "PAUL" or "Plaintiff"] by and though her undersigned attorney and hereby files this complaint against Defendant, ZUCCARELLI'S ITALIAN RESTAURANT AND BAR. [herein referred to as "Defendant"]

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime, liquidated damages and attorney's fees.

2. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §207 ["FLSA"].

3. This court has original jurisdiction over this matter insofar as the matter involves a federal questions, namely violation of 29 U.S.C. §216(b).

4. Plaintiff PAUL is a resident of Palm Beach County, Florida and at all time material hereto was employed by Defendants in Palm Beach County.

5. Defendant is a Florida profit corporation engaged in doing business in the state of Florida.

6. Defendant has a principal place of business at 4595 Okeechobee Blvd. Suite 126, West Palm Beach 33417.

7. Venue is proper in that Defendant is located in Palm Beach County, FL, events giving rise to this cause of action occurred in Palm Beach County, FL and at all times material hereto, Plaintiff worked in Palm Beach County, FL.

## ALLEGATIONS

8. Plaintiff was employed with Defendant as a dishwasher beginning July 30, 1987.

9. Plaintiff was employed with Defendant as a dishwasher with duties that included washing dishware, tableware and serving dishes.

10. Plaintiff was a non-exempt employee and otherwise entitled to overtime payments.

11. Plaintiff was paid an hourly rate in the amount of $11.00 for 40 hours each week.

12. Plaintiff regularly worked over forty (40) hours in a given work week.

13. Plaintiff was not paid time and one half her total compensation for hours worked over forty (40) in a work week.

14. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

15. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

16. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

17. Defendant is an employer of the Plaintiff as that term is defined under the FLSA.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## DEFENDANT THE BREAKERS PALM BEACH, INC.

Plaintiff re-alleges Paragraphs 1 through 17 as set forth herein.

18. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

19. Plaintiff's primary job duties did not include managing a department.

20. Plaintiff also did not have the authority to hire or fire other employees, nor were her suggestions and recommendations as to the hiring, firing, promotion, or any other change regarding an employee's job status given any particular weight and/or consideration.

21. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

22. Plaintiff worked in excess of forty (40) hours per week without being compensated at the proper rate of one time and one half his total compensation for hours worked over forty (40) in a work week.

23. Defendant failed to compensate Plaintiff up to one and half times her hourly rate for all worked performed in excess of forty (40) hours.

24. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

25. Plaintiff is aware of hours for which she was not compensated.

26. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payment for the entire preceding period.

27. As a direct and proximate result of the Defendant's actions, the Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

28. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

29. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

**WHEREFORE,** Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests trial by jury.

Dated this 2nd day of June 2017.

        s/Lissa Jolivert-Dorsey
        Lissa Jolivert-Dorsey, Esq.
        Florida Bar No. 191590
        Primary e-mail: hebep@findlerlaw.com
        Secondary e-mail: litigation@findlerlaw.com
        FINDLER & FINDLER, P.A.
        3 Harvard Circle, Suite 100
        West Palm Beach, FL 33409
        Telephone:   (561) 640-3555
        Facsimile:    (561) 640-3273
        Attorney for Plaintiff